OPINION
{¶ 1} Appellants, Robert C. Philabaun, et al., appeal from the judgment entered by the Portage County Court of Common Pleas. The court entered judgment in favor of appellees, John Ashley, et al.
 {¶ 2} Appellants are owners of a campground in Deerfield Township, Ohio. Appellees are individual property owners in Edgewater Estates, which adjoins the campground.
 {¶ 3} There are two private roads that are at issue in this case. Edgewater Boulevard is a north-south road that provides appellees with their only access to State Route 224. This road runs through the campground. Wildflower Boulevard is an east-west road that forms a "T" intersection with the southern-most point of Edgewater Boulevard. The western portion of Wildflower Boulevard ends near the shore of the Berlin Reservoir, owned by the United States government.
 {¶ 4} Appellants were experiencing theft and vandalism at their campground. To deter these problems, appellants erected a gate across Edgewood Boulevard. A letter was sent to each of the appellees, informing them of the gate installation and providing them with an access code to open the gate. The trial court ordered appellants to remove this gate.
 {¶ 5} Appellants also sought a judgment of quiet title to the western 193.66 feet of Wildflower Boulevard. Appellants argued that they owned all of the surrounding land to this portion of the road and that appellees had no legitimate reason to use this portion of the road. The trial court disagreed and did not grant title to appellants.
 {¶ 6} Appellants assert two assignments of error. Their first assignment of error is:
 {¶ 7} "The trial court erred in requiring plaintiff-appellants to remove the gate system that had been installed."
 {¶ 8} Both issues in this case involve claims for equitable relief. Our standard of review for claims for equitable relief is whether the trial court abused its discretion.[1] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2]
 {¶ 9} Appellants assert that they were entitled to erect the gate on Edgewater Boulevard. In support of their argument, appellants rely on the holding in Gibbons v. Ebding.[3] In Gibbons, the Supreme Court of Ohio held:
 {¶ 10} "The owner of the servient estate may use the land for any purpose that does not interfere with the easement, and in the absence of anything in the deed or in the circumstances under which it was acquired or used, showing that the way is to be an open one, he may put gates or bars across it unless they would unreasonably interfere with its use."[4]
 {¶ 11} In 1961, when the property was subdivided, a plat was recorded. This recorded plat states that "[t]he roads on this plat are dedicated for the use of the adjoining property owners forever." Further, the plat states that "[r]oads to be maintained by lot owners jointly." The trial court based its decision on the language that the roads were dedicated to the use of the adjoining property owners forever. The original plat indicates that it was "approved and accepted" by the Portage County Commissioners. Although the plat itself was approved by the Portage County Commissioners, such acceptance is not deemed to be acceptance of the dedication of the roads.[5] However, when the commissioners accepted and approved the plat, they accepted and approved the language that roads were to be used by the adjoining property owners forever. The roads of the plat were easements providing the property owners their sole means of ingress and egress. Presumably, the individual property owners having unfettered access to a public highway was a factor considered by the commissioners when making their decision to accept the plat.
 {¶ 12} A review of the record reveals that Edgewater Boulevard is nearly half a mile long. It serves fifteen individual properties in Edgewater Estates. The language of the plat states that the roads were dedicated to the use of the property owners forever. These factors indicate that Edgewater Boulevard was intended to be an open way. Thus, pursuant to Gibbons v. Ebding, appellants were not permitted to erect the gate.
 {¶ 13} There was testimony that guests of appellees and delivery persons could not pass through the gate system since they did not have the code. This evidence, coupled with the language of the plat, supports the trial court's findings.
 {¶ 14} The trial court did not abuse its discretion by finding that appellants could not erect a gate across Edgewater Boulevard. Appellants' first assignment of error is without merit. Appellants' second assignment of error is:
 {¶ 15} "The trial court's decision in granting judgment to defendants on plaintiff's request to vacate the Western 193.66 feet of Wildflower Bvld. is against the manifest weight of the evidence."
 {¶ 16} Appellants assert that the court abused its discretion by not granting them quiet title to the western 193.66 feet of Wildflower Boulevard. We do not agree.
 {¶ 17} Appellants claim that they own the surrounding land on both the north and south sides of Wildflower Boulevard. They also claim they own a portion of property about fifty feet wide between the westerly end of Wildflower Boulevard and the Berlin Reservoir. These claims were supported by Plaintiff's Exhibit A, a survey of the area by Edward Wanchick.
 {¶ 18} However, there are two discrepancies between appellants' assertions and the plat. The first is that 74.0 feet of southern frontage on Wildflower Boulevard is designated as a "public way." Mr. Philabaun testified that he believes he owns this "public way," because he has paid real estate taxes for it. Appellants have included the "public way" in their determination of the frontage distance of 193.66 feet of Wildflower Boulevard to which they sought quiet title. Further, the plat shows the western end of Wildflower Boulevard coming in direct contact with the United States government-owned Berlin Reservoir.
 {¶ 19} Appellants also argue that the only use asserted by appellees, launching boats, is no longer permitted by the Army Corp of Engineers. This argument is legally irrelevant. The trial court found that appellees, as adjoining landowners, were permitted to "use" Wildflower Boulevard. Appellees do not need to state a specific reason for their desire to use the road.
 {¶ 20} Again, the plat stated that the roads were for the use of, and to be maintained by, all lot owners. The plat also indicated that the road acreage included the acreage of the "public way." Therefore, the trial court's findings, that appellees, as joint property owners, have a right to use all of Wildflower Boulevard and the lot marked public way, do not constitute an abuse of discretion.
 {¶ 21} Appellants' second assignment of error is without merit.
 {¶ 22} The judgment of the trial court is affirmed.
DONALD R. FORD, J., ROBERT A. NADER, J., concur.
[1] Sandusky Properties v. Aveni (1984), 15 Ohio St.3d 273.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] Gibbons v. Ebding (1904), 70 Ohio St. 298.
[4] Id. at paragraph two of the syllabus.
[5] R.C. 711.041.